UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| WAYNE R. AMSPACHER<br>3825 Salem Bottom Road<br>Westminster, Maryland 21157<br><br>        Plaintiff,<br><br>   v.<br><br>CHASE BANK USA, NATIONAL ASSOCIATION d/b/a Chase<br>White Clay Center<br>Building 200<br>Route 273<br>Newark, Delaware 19711<br><br>Serve on: Registered Agent<br>        The Corporation Trust Co.<br>        Corporation Trust Center<br>        1209 Orange Street<br>        Wilmington, Delaware 19801<br><br>        Defendant. | Civil No. 1:12-cv-3476 |

## COMPLAINT

Plaintiff, Wayne R. Amspacher, files this complaint against Chase Bank USA, National Association d/b/a Chase ("Chase").

## INTRODUCTION

1. This lawsuit charges the consumer credit card issuer, Chase, with violating the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x.

2. Chase's debt collector sued Mr. Amspacher in the District Court for Carroll County, Maryland to collect debts owed on credit cards issued by Chase. The court entered judgment in favor of Mr. Amspacher, finding that his ex-wife fraudulently opened the accounts, and Mr. Amspacher never received any benefit from or ratified the accounts. The court found that Mr. Amspacher, therefore, was never a debtor on the accounts.

3. Mr. Amspacher thereafter provided a dispute notice to Chase, which instructed Chase to correct the consumer reports by deleting the information. Although Chase reported the accounts as closed and having a zero balance, Chase ignored the main thrust of the request and continued to report that Mr. Amspacher was a debtor on the accounts. Chase thus furnished and continues to furnish incomplete or inaccurate information to the credit agencies.

4. For these reasons, Mr. Amspacher seeks statutory damages, actual damages, punitive damages, and attorney's fees.

## PARTIES

5. Wayne R. Amspacher resided in Carroll County, Maryland during the operative period the complaint, and continues to reside in Carroll County, Maryland. Mr. Amspacher, therefore, is a citizen of the State of Maryland.

6. Chase Bank USA, National Association d/b/a Chase, is a national bank organized under the laws of the United States, and maintains its principal place of business in Delaware. Chase, therefore, is a citizen of the State of Delaware. During the operative period of the complaint, Chase acted through its actual or apparent agents, servants, or employees, who acted within the scope of their said agency, and over whom Chase asserted actual or constructive direction, control, or authority. The identities of said agents may be ascertained from Chase's vast computer records.

## JURISDICTION AND VENUE

7. This civil action arises under the Constitution, laws, or treaties of the United States, in that the action is based on violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x. This Court, therefore, has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

8. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(b), in that the events or omissions giving rise to the claim occurred in Carroll County, Maryland.

## FACTS COMMON TO ALL COUNTS

9. On February 11, 2009, Chase's debt collector, Asset Acceptance LLC, filed a lawsuit against Mr. Amspacher to collect consumer debts owed on credit cards issued by Chase. The lawsuit was filed in the District Court for Carroll County, Maryland, Case No. 1002-0000496-2009.

10. On January 11, 2010, the court entered judgment in favor of Asset Acceptance in the amount of the debts.

11. Mr. Amspacher noted an appeal of the decision on February 4, 2010 to the Circuit Court for Carroll County, Case No. 06-C-10-056085.

12. The circuit court vacated the judgment on August 24, 2010, holding that the debts were fraudulently opened by Mr. Amspacher's ex-wife, Mr. Amspacher never ratified the accounts, and, thus, Mr. Amspacher was never a debtor on the accounts.

13. Mr. Amspacher, pursuant to 12 U.S.C. § 1681s-2(a)(8)(D), provided a dispute notice directly to Chase, at the address specified by Chase for such notices, on December 23, 2011. The notice identified the account numbers for the Chase credit cards that were opened fraudulently, explained that Mr. Amspacher was never a debtor on the accounts since the accounts were opened fraudulently, and included supporting documentation that substantiated the basis of the dispute, including but not limited to the circuit court's written memorandum and order.

14. Pursuant to § 1681s-2(b)(1)-(2), Chase was required to "delete" or "permanently block the reporting of" the accounts from Mr. Amspacher's consumer reports within 30 days of receiving the notice.

15. Over a year later, on March 19, 2012, Chase agreed to report the accounts as having "zero balance[s] with chase bank." However, Chase refused to delete the information from the consumer reports by reporting to the consumer reporting agencies that Mr. Amspacher was never a debtor on the accounts.

Instead, Chase stated, "[W]e are unable to delete this account from your credit report. Please understand that all accounts must be reported . . . ."

16. As a direct and proximate result of Chase's noncompliance, Mr. Amspacher suffered mental distress, which manifested physically in the form of sleep loss, irritability toward others, and undue stress, anger and frustration.

## COUNT I
### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

17. Mr. Amspacher incorporates by reference, as if fully stated herein, paragraphs 1 through 16 of this complaint.

18. Mr. Amspacher was a "consumer" and Chase was a "person" during the operative period of the complaint, as those terms are defined under 12 U.S.C. § 1681a.

19. Chase violated § 1681-s(b)(1)(E) when it failed to "delete" or "permanently block the reporting of" the fraudulent accounts from Mr. Amspacher's consumer reports after receiving Mr. Amspacher's dispute notice, which was sent by Mr. Amspacher directly to Chase at the address specified by Chase for such notices, and informed Chase that the information was inaccurate or incomplete.

20. Chase violated § 1681-s(b)(2) when it failed to complete its investigation and take appropriate action within 30 days after receiving Mr. Amspacher's dispute notice.

21. Chase's noncompliance was willful, given that it was provided with the actual appellate opinion finding that Mr. Amspacher was never a debtor on the accounts. Chase, therefore, is liable for statutory damages not less than $100 nor

5

more than $1,000, compensatory damages for Mr. Amspacher's actual damages as alleged in paragraph 16 of this complaint, such amount of punitive damages as the Court may allow, and reasonable attorney's fees, under § 1681n(a).

22.  In the alternative, Chase's noncompliance was negligent.  Chase, therefore, is liable for compensatory damages for Mr. Amspacher's actual damages as alleged in paragraph 16 of this complaint and reasonable attorney's fees, under § 1681o.

WHEREFORE, Plaintiff, Wayne R. Amspacher, demands judgment against Defendant, Chase Bank USA, National Association, for:

(a)  Statutory damages not less than $100 nor more than $1,000;

(b)  Compensatory damages in the amount of $200,000;

(c)  Punitive damages in the amount of $600,000;

(d)  Reasonable attorney's fees; and

(e)  Prejudgment and postjudgment interest plus the costs of this action.

## DEMAND FOR JURY TRIAL

Wayne R. Amspacher demands a jury trial as to all issues.

Respectfully submitted,

/s/ Jason A. Ostendorf
Jason A. Ostendorf
Federal Bar No. 28495

Law Office of Jason Ostendorf LLC
One Corporate Center, Suite 400
10451 Mill Run Circle
Baltimore, MD  21117-5594
Telephone: 410.356.8859
Jostendorf@ostendorflaw.com

Dated:  November 27, 2012          Counsel for Wayne R. Amspacher